**AFFIRM as modified; Opinion issued February 14, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00280-CR
No. 05-12-00281-CR
No. 05-12-00282-CR

**LARRY MICHELLE SCHULZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause Nos. F10-00512-NJ, F10-00517-J, F10-00518-J**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Murphy
Opinion by Justice Bridges

Larry Michelle Schulz waived a jury and pleaded guilty to engaging in organized criminal activity, theft of property valued at $20,000 or more but less than $100,000 from an elderly person, and unlawful restraint. *See* TEX. PENAL CODE ANN. §§ 20.02(a), 31.03(a), 71.02(a) (West 2011 & Supp. 2012). Pursuant to plea agreements, the trial court deferred adjudicating guilt, placed appellant on ten years' community supervision, assessed a $1,000 fine, and ordered $85,506.22 in restitution in each case. In her sole issue on appeal, appellant challenged the sufficiency of the evidence to support the amount of restitution ordered. In our

opinion of November 29, 2012, we sustained appellant's issue, set aside the trial court's restitution orders, and ordered the trial court to conduct a hearing to determine the proper amount of restitution.

On January 9, 2013, we reinstated the appeals and adopted the trial court's finding that the parties reached an agreement regarding the amount of restitution. We have received supplemental records containing the amended community supervision condition that orders appellant to pay $45,000 in restitution. Accordingly, we modify the trial court's judgments to reflect the restitution amount is $45,000 in each case. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgments.

    /David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120280F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LARRY MICHELLE SCHULZ,
Appellant

No. 05-12-00280-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 3 of Dallas County, Texas (Tr.Ct.No.
F10-00512-NJ).

Opinion delivered by Justice Bridges,
Justices O'Neill and Murphy participating.

Based on the Court's opinion of this date, the trial court's order of deferred adjudication
is **MODIFIED** as follows:

The section entitled "Restitution" is modified to show "$45,000."

As modified, we **AFFIRM** the trial court's order of deferred adjudication.

Judgment entered February 14, 2013.

    /David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LARRY MICHELLE SCHULZ,
Appellant

No. 05-12-00281-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 3 of Dallas County, Texas (Tr.Ct.No.
F10-00517-J).
Opinion delivered by Justice Bridges,
Justices O'Neill and Murphy participating.


Based on the Court's opinion of this date, the trial court's order of deferred adjudication is **MODIFIED** as follows:

The section entitled "Restitution" is modified to show "$45,000."

As modified, we **AFFIRM** the trial court's order of deferred adjudication.


Judgment entered February 14, 2013.


        /David L. Bridges/
        DAVID L. BRIDGES
        JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LARRY MICHELLE SCHULZ,
Appellant

No. 05-12-00282-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 3 of Dallas County, Texas (Tr.Ct.No.
F10-00518-J).
Opinion delivered by Justice Bridges,
Justices O'Neill and Murphy participating.


Based on the Court's opinion of this date, the trial court's order of deferred adjudication is **MODIFIED** as follows:

The section entitled "Restitution" is modified to show "$45,000."

As modified, we **AFFIRM** the trial court's order of deferred adjudication.


Judgment entered February 14, 2013.


    /David L. Bridges/
DAVID L. BRIDGES
JUSTICE